The Honorable Tom Kennedy Prosecuting Attorney Fifth Judicial District 107 West Main Russellville, AR 72801
Dear Mr. Kennedy:
This is in response to your request for an opinion on the following question:
 Do A.C.A. 14-14-1101(a)(3) and A.C.A. 14-14-1102(b)(1)(A)(i) confer the power to the county judge to place load (weight) limits on improved county roads without approval by the county quorum court?
In my opinion, the answer to this question is "no."
Arkansas Code Annotated 14-14-1101(a)(3) (1987) acknowledges the executive power given to the county judge in Amendment 55, 3 of the Arkansas Constitution to operate the system of county roads. In A.C.A. 14-14-1102(b)(1)(A)(i) the legislature elaborated upon the judge's exercise of this power:
 The county judge shall be responsible for the administrative actions affecting the conduct of a plan of public roadways and bridges throughout the unincorporated areas of the county, including the maintenance and construction of public roadways and bridges and roadway drainage designated as eligible for expenditure of county funds. This jurisdiction shall be exercised pursuant to law, and nothing in this section shall be construed as limiting a county in performing public roadway and bridge maintenance and construction services within the incorporated municipal boundaries where permitted and in the manner prescribed by law.
Were there no other law on the subject, these provisions would arguably empower the county judge to impose load limits upon county roads. As is noted in 14-14-1102(b)(1)(A)(i), however, the county judge's jurisdiction over the county roads must be exercised pursuant to law, and other applicable legal provisions must be consulted.
In Subchapter 5 of the Transportation Code, governing the protection of road surfaces, there is a provision that would appear to give the power in question to the Arkansas State Highway Commission, to be exercised under the direction of the county judge. Section 27-66-501(b) (1987) directs and authorizes the Highway Commission, under the direction of the several county judges of the state, "to make a classification of all roads with respect to the weight of loaded or unloaded vehicles which may be used thereon." The Commission's responsibilities in this area are set out in 27-66-501(c) and (d), and both criminal and civil penalties are prescribed for violation of the load limits established by the Commission. See A.C.A. 27-66-503 and -504 (1987). The county court of each county, acting through the county judge, is, however, given authority in times of emergency caused by the elements to prohibit vehicles with a net load of more than 3,500 pounds from operating on or over the county highways until the judge determines that the emergency has passed. See 27-66-505
(1987).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh